USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

DANIEL PELAYO and KRISTINA KAUTS,

                Plaintiffs,

v.

THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY,
PORT AUTHORITY SERGEANT GRAVANO, PORT
AUTHORITY POLICE OFFICER ROBERT SZNURKOWSKI,
UNITED STATES CUSTOMS AND BORDER PROTECTION
OFFICER KYLE BRIDGEFORTH, CUSTOMS AND BORDER
PROTECTION SUPERVISORY OFFICER KURT VAN IHSEM
and UNIDENTIFIED UNITED STATES CUSTOMS AND
BORDER PROTECTION OFFICERS SUED HEREIN IN THEIR
CAPACITY AS INDIVIDUALS AND UNIDENTIFIED PORT
AUTHORITY POLICE OFFICERS,

                Defendants.

------------------------------------------------------------x

**JOINT PRETRIAL ORDER**

09 CV 08879
(JGK) (KNF)



NOV 1 9 2012

CHAMBERS OF
JOHN G. KOELTL
U.S.D.J.

## I.   Caption of the Action

    See above, except that the action has been discontinued against certain defendants as set
forth in § IV below.

## II.  Trial Counsel

For the Plaintiffs:    Fred Lichtmacher
                        The Law Office of Fred Lichtmacher P.C.
                        Attorney for Plaintiffs
                        350 Fifth Avenue (Suite 7116)
                        New York, NY 10118
                        Tel. # (212) 922-9066
                        Fax # (212) 922-9077

                        Michael J. Gorman (MG-0096)
                        Of Counsel to The Law Office of Fred Lichtmacher P.C.
                        149-31 21st Avenue
                        Whitestone, NY 11358
                        Tel. # (212) 922-9066
                        Fax # (212) 922-9077

For the Defendants:  The Port Authority of New York and New Jersey
JAMES M. BEGLEY, DEPUTY GENERAL COUNSEL
By: Karla Denalli
225 Park Avenue South, 13th Floor
New York, New York 10003
Telephone—(212) 435-3436
Facsimile—(212) 435-3834
kdenalli@panynj.gov

## III.  Subject Matter Jurisdiction

### Plaintiff's Statement as to the Basis of Subject Matter Jurisdiction

Subject matter jurisdiction is appropriate due to the existence of a federal question. This is an action to redress the deprivation under color of statute, ordinance, regulation custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. Section 1983, and pursuant to the laws of the State of New York.

Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343 (3 & 4).

This Court has jurisdiction to hear plaintiff's state claims pursuant to 28 U.S.C. Section 1367.

### Defendants' Statement as to the Presence or Absence of Subject Matter Jurisdiction

Defendants do not dispute that based on the allegation against Anthony Gravano of excessive force in violation of 42 U.S.C. § 1983, there is jurisdiction based upon 28 U.S.C. § 1331 and 1343(3) and (4). And that based on the allegation against Anthony Gravano and The Port Authority of New York and New Jersey of battery, there is supplemental jurisdiction based on 28 U.S.C. § 1367(a).

2

IV.    **Statement of Claims and Defenses to be Tried**

Plaintiff's statement as to the claims plaintiffs' have asserted

In their third and final complaint, two plaintiffs Daniel Pelayo and Kristina Kauts brought four causes of action against the Port Authority of New York and New Jersey, Port Authority Sergeant Gravano, Port Authority Police Officer Robert Sznurkowski, United States Customs and Border Protection Officer Kyle Bridgeforth, Customs and Border Protection Supervisory Enforcement Officer Kurt Van Ihsem and Unidentified United States Customs and Border Protection Officers sued herein in their capacity as individuals and Unidentified Port Authority Police Officers. Plaintiffs' claims were the following:

1.    False Arrest pursuant to 42 U.S.C. § 1983 and the Fourth Amendment as well as pursuant to Bivens v. Six Unknown Federal Narcotics Agents;

2.    Excessive Force pursuant to 42 U.S.C. § 1983 and the Fourth Amendment via overly tightened handcuffs;

3.    False Arrest pursuant to the common law of the State of New York; and

4.    Battery pursuant to the common law of the State of New York.

Plaintiffs second and fourth causes of action were brought against Port Authority defendants only.

After motion practice and a settlement involving Kauts and the United States defendants, the remaining plaintiff is Pelayo and the remaining claims are for excessive force against Gravano only and battery against the Port Authority only. There is no remaining claim for punitive damages. There is a claim for attorneys' fees pursuant to Pelayo's excessive force claim, should plaintiff prevail at trial.

Defendants' Summary—Defenses Asserted Remaining to be Tried

(a)    Defendant Police Sergeant Anthony Gravano did not violate plaintiff's federal

       constitutional rights by tightening handcuffs, because he did not handcuff plaintiff

       Pelayo.

(b)    Defendant Police Sergeant Anthony Gravano did not batter plaintiff by tightening

       handcuffs, because he did not handcuff plaintiff Pelayo.

(c)    Defendant The Port Authority of New York and New Jersey is not vicariously

       liable to plaintiff for battery, because its employee Anthony Gravano did not

       handcuff plaintiff Pelayo, and no Port Authority employee tightened handcuffs on

       Pelayo.

Defendants' Summary—Defenses Not to be Tried

In view of the Court's Memorandum Opinion and Order dated September 27, 2012, the

following defenses no longer need to be tried:

(a)    Anthony Gravano cannot be held liable to plaintiff Pelayo for false arrest in

       violation of 42 U.S.C. § 1983 and New York State law, because there was

       probable cause for the arrest.

(b)    Anthony Gravano cannot be held liable to plaintiff Kauts for false arrest in

       violation of 42 U.S.C. § 1983 and New York State law, because he did not

       intend to confine Kauts and Gravano is entitled to qualified immunity.

(c)    The Port Authority and Gravano are not subject to punitive damages, because

       the Port Authority is immune from punitive damage claims and Gravano did

4

not   wantonly, willfully, or with malicious intent violate federal law.

Additionally, plaintiff Pelayo forfeited his claim for punitive damages.

## V.   Trial by Jury/Length of Trial

This case is to be tried before a jury. The parties estimate this will be an approximately two-day trial.

## VI.   Consent to Proceed Before the Magistrate Judge

The parties have not consented to a trial before the Magistrate Judge.

## VII.   Stipulations of Fact or Law

In the early morning hours of June 3, 2009, at John F. Kennedy International Airport, Terminal 4, plaintiff Daniel Pelayo was held by the United States Custom and Border Protection (CBP), for a period of time. Thereafter, CBP called the Port Authority police, who went to Terminal 4 and took Mr. Pelayo from the Terminal to another building on JFK. Why Mr. Pelayo was held by CBP is not an issue for you the jury to decide, so you need not concern yourself with that topic.

## VIII.   Witness Testimony to be Offered

A.   <u>Plaintiff's witnesses</u>

Daniel Pelayo

Kristina Kauts

Dr. Kevin Wright

Defendant Sergeant Gravano

Police Officer Robert Sznurkowski

B.   <u>Defendants' Witnesses</u>

Anthony Fabbri

5

Anthony Gravano

## IX. Deposition Designations

Plaintiff

Plaintiff does not intend to offer any deposition testimony on his case in chief.

Defendants

Defendants do not intend to offer any deposition testimony on their case in chief.[1]

## X. Exhibits to be Offered

A.  Plaintiff's Exhibits

1.  Online Booking System Arrest Worksheet (PA 1)

2.  Desk Appearance Ticket Investigation (PA 5)

3.  Supporting Dep Kauts (PA 7)

4.  343 of Arrest (PA 9)

5.  Expired Family Court Order of Protection (PA 14-15)

6.  Kauts JetBlue Airways Ticket (PA 18)

7.  Pelayo JetBlue Airways Ticket (PA 19)

8.  Physical Therapy Records Throgs Neck

9.  MRI from June 16, 2009

10.  NCIC/NLETS Record Display (US 0018)

B.  Defendants' Exhibit List

A.  Holding Area Roster (PA 00010)**

A single asterisk indicates an exhibit to which no party objects on grounds of authenticity. A

double asterisk indicates an exhibit to which no party objects on any ground.

Dated: November 13, 2012
    New York, New York

THE LAW OFFICE OF FRED LICHTMACHER P.C.

By: /s/ *Fred Lichtmacher*
    Fred Lichtmacher, Esq.
    Michael Gorman, Esq.
    *Attorneys for Plaintiff*
    The Empire State Building
    350 Fifth Avenue, Suite 7116
    New York, New York 10118

JAMES M. BEGLEY, ESQ.
*Attorney for Defendants*
The Port Authority of New York and New Jersey
and Sergeant Gravano

By: /s/ *Karla Denalli*
    Karla Denalli (KD-8253)
    225 Park Avenue South, 13th Floor
    New York, New York 10003

SO ORDERED

Dated: New York, New York

    1/4/13 2012

HON. JOHN G. KOELTL
United States District Judge

---

1 Defendants reserve the right to offer deposition testimony on their case in chief, as the interest of justice requires.